ANN F. SMITH *vs.* MARIA SLACK, administratrix.

Bristol.    October 23. — 24, 1878.    ENDICOTT & LORD, JJ., absent.

In an action against an administrator for services claimed to have been rendered his intestate by a woman who, as he contended, had lived in adultery with the intestate, a witness testified that when the widow of the intestate made a claim in the Probate Court for an allowance, the defendant objected to it on the ground that she had deserted her husband several years before his death. *Held*, that this evidence did not authorize the defendant to prove by the witness that the widow, in answer to this objection, said that she left her husband because of his adultery with the plaintiff.

CONTRACT upon an account annexed for services rendered to the defendant's intestate as housekeeper from 1861 to 1875. The answer contained a general denial, and alleged that, during the whole of the time covered by the declaration, the plaintiff cohabited with the intestate in adultery.

At the trial in the Superior Court, before *Bacon*, J., the plaintiff's evidence tended to show that the services declared for were rendered and for a lawful consideration; and the evidence of the defendant tended to show the cohabitation as set up in the answer. It appeared in evidence that, during the whole of the period that the plaintiff lived with the intestate, he had a wife alive, living separate and apart from him. She was not presen⁴ at the trial.

The plaintiff called in rebuttal one Stanley as a witness, and asked him if he knew Mary Ann Slack, the wife of the intestate. He replied that he did. He was then asked, without objection by the defendant, whether she had made a claim for an allowance as widow out of the estate, and whether the defendant had not objected to the allowance, on the ground that she was not entitled to it because of her desertion of her husband for fourteen years before his decease. The witness answered in the affirmative. The defendant then asked the witness what answer Mrs. Slack made to this objection. The plaintiff objected to the question. The defendant contended that the witness would say that her answer was, that she left her husband on account of his adultery and cohabitation with the plaintiff. The judge sustained the plaintiff's objection, and excluded the question.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions to the above ruling.

*J. Daggett & J. Brown*, for the defendant.

*W. H. Fox*, for the plaintiff.

BY THE COURT. The evidence of the statements of the defendant may have been competent as tending to prove an admission by her that the intestate's wife was absent at the time of the services rendered him by the plaintiff. But the introduction of that evidence clearly did not warrant the proof of statements of the widow, who was not a party to this action. Her statements were mere hearsay and incompetent.

*Exceptions overruled.*