SALTER and another, Respondents, vs. THE BANK OF EAU CLAIRE, Interpleaded, Appellant.

*September 8 — September 28, 1897.*

*Chattel mortgages: Evidence of consideration: Garnishment.*

1. An absolute bill of sale of several thousand dollars' worth of lumber for an expressed consideration of $2, given by a debtor to a bank as security for his indebtedness of more than $5,000, *held* to be in legal effect a chattel mortgage.

2. As between the parties, such mortgage would be good for the whole amount, and the actual consideration might be shown by parol. [Whether the same rule applies as against creditors of the mortgagor is not determined.]

3. The mortgagee having allowed the mortgagor to sell the mortgaged lumber as his agent, and he having sold the same, paying in the proceeds as fast as received to apply on the mortgage, except the last two lots for which he was to receive notes, *held*, that such sales, being made in good faith, amounted to a foreclosure of the mortgage, and it was valid as against judgment creditors of the mortgagor afterward garnishing the purchaser.

Salter and another vs. The Bank of Eau Claire.

APPEAL from a judgment of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Reversed.*

The plaintiffs were judgment creditors of the defendant Smith to an amount exceeding $4,000, and on the 29th day of November, 1895, garnished the Pioneer Furniture Company in aid of execution. The garnishee answered, admitting that it had bought of Smith certain lumber, amounting to $1,663.47, which had all been delivered prior to the garnishment, but which had not been paid for, and that the *Bank of Eau Claire* claimed the money due for the lumber. The *Bank of Eau Claire* was thereupon impleaded as defendant, and answered, claiming to own the money. Issue was joined upon the answers, and the garnishee paid the money into court, and a trial was had by the court without a jury.

The facts were substantially undisputed, and were as follows: On the 10th of September, 1895, the defendant Smith owned several thousand dollars' worth of lumber, piled on the lands of the Chicago, St. Paul, Minneapolis & Omaha Railway Company at Eagle Point, in the county of Chippewa, and owed the *Bank of Eau Claire* more than $5,000. Upon the day last named, Smith gave to the bank an absolute bill of sale of the lumber, in which bill the consideration was stated to be $2. The bill of sale was intended as security for the debt at the bank, and was filed in the office of the city clerk at Eau Claire, October 8, 1895. Smith remained in control of the lumber after the bill of sale was given, as agent for the bank, and sold the lumber out in parcels, turning over the proceeds to the bank. The last lot of lumber sold was that sold to the Pioneer Furniture Company, amounting to $1,663.47, and it was bought, shipped, and had been received by the furniture company prior to the service of the garnishment summons. Most of the sales made by Smith were made in the name of the bank as owner, but the sale to the furniture company was made in his own name. Notes were to be executed and given to Smith for

the purchase price, but they had not been executed at the time of the service of the summons. The furniture company had no notice until after the commencement of this action that the bank made any claim to the lumber. There was no claim made that there was any fraudulent intention in the transaction between the bank and Smith.

The court found that the bill of sale was in legal effect a chattel mortgage; that the lumber remained in the possession of Smith until it was sold to the garnishee; and that the bill of sale was not valid against the creditors for more than the consideration therein expressed; and judgment was given awarding to the plaintiff the money paid into court by the garnishee. From this judgment the *Bank of Eau Claire* appeals.

For the appellant there was a brief by *Frederick A. Teall*, attorney, and *H. H. Hayden*, of counsel, and oral argument by *Mr. Teall* and *H. B. Walmsley*.

For the respondents there was a brief by *Wickham & Farr*, and oral argument by *Mr. James Wickham*. They argued that the bill of sale was a mere chattel mortgage and was not filed in the proper office, and that the lumber, the price of which was sought to be garnished in this suit, was never delivered to the garnishee. *Manufacturers' Bank v. Rugee*, 59 Wis. 221; *Grant v. Lewis*, 14 id. 487; *Steele v. Benham*, 84 N. Y. 634; *Porter v. Parmley*, 52 id. 185; *Hale v. Sweet*, 40 id. 97; *Doyle v. Stevens*, 4 Mich. 87; *Anderson v. Brenneman*, 44 id. 198; *Brunswick v. McClay*, 7 Neb. 137; *Morris v. Hyde*, 8 Vt. 352. Such mortgage was not a good security as against creditors for more than the amount of the debt therein described. *Rice v. Kahn*, 70 Wis. 323; *Marsden v. Cornell*, 62 N. Y. 215, 218; Herman, Chat. Mortg. 119, 125; *Follett v. Heath*, 15 Wis. 601.

Winslow, J. It was vigorously contended by the appellant that the bill of sale of the lumber to the bank was not

a mortgage, as held by the circuit court, but was an absolute bill of sale, which vested title to the lumber in the bank unconditionally. We are unable to agree with this contention. Though absolute in form, it was in fact given as security only for the payment of a debt. There was unquestionably an equity of redemption left in the mortgagor. Had he been able to pay the debt at any time before the foreclosure of the mortgage and sale of the lumber, he would have been entitled to receive back the lumber. Such a transaction has been uniformly held by this court to constitute, in legal effect, a mortgage, rather than a sale. *First Nat. Bank v. Damm*, 63 Wis. 249, and cases cited. For the purposes of this case, we shall assume that, as against Smith's creditors, it was a mortgage for two dollars only, and that the true consideration cannot be shown by parol. This was the conclusion of the circuit court, and we do not find it necessary to affirm or deny the correctness of the ruling, because there are other facts in the case which lead us to the conclusion that the bank is entitled to recover the money in court, notwithstanding the consideration was wrongly stated in the mortgage.

As between the parties, this mortgage was perfectly good for the whole debt intended to be secured by it. A consideration in addition to that expressed in the mortgage may be shown by parol. *Kickland v. Menasha Wooden Ware Co.* 68 Wis. 34. No person could take advantage of the failure to state the full consideration except some third person, such as a creditor or purchaser who has secured some lien upon or interest in the mortgaged property before foreclosure of the mortgage. Clearly if the mortgage has been foreclosed and the property fully relieved from the lien, before any third person attempts to attack it, the question of the validity of the mortgage is no longer open.

In the present case the mortgage had been foreclosed by the parties before the plaintiff made any move towards at-

tacking it. The mortgagee allowed the mortgagor to sell the property, and turn over the proceeds of sales to apply on the mortgage. Under this authority, the mortgagor sold out and delivered to purchasers the entire property. The purchase price of all except the last two lots sold to the furniture company had been delivered to the bank. The bank could undoubtedly recover of the furniture company the purchase price of the lumber if it made demand therefor before the company paid Smith, and manifestly, also, the mortgagor was entitled to have credited on his notes the amount for which he sold the lumber to the furniture company, if, as it appears in this case, the sale was made in good faith and within the limits of his authority. Before the plaintiff made any move, the mortgage was, in effect, fully foreclosed; the property was sold and delivered to the purchaser, by authority of both mortgagor and mortgagee; the lien was gone forever, the debt of the mortgagor *pro tanto* discharged, and the mortgagee the owner of a money demand against a third person. All questions as to the validity of the mortgage seem to be at rest. There is no claim of actual fraud in the transaction, and we see no ground on which it can be held that the bank's claim upon the money in court is not perfect.

*By the Court.*— Judgment reversed, and action remanded with directions to render judgment for the appellant in accordance with this opinion.