George Walter Brewing Co. v. Lockery, 134 Wis. 81.

GEORGE WALTER BREWING COMPANY, Respondent, **vs.**
LOCKERY, Sheriff, Appellant.

*November 29—December 13, 1907.*

*Appeal and error: Conclusiveness of findings of trial court: Chattel*
*mortgages: Failure to file: Possession necessary to protect mort-*
*gagee against creditors: Delivery.*

1. In an action to replevy personal property by a chattel mortgagee
   whose mortgage had never been filed, tried by the court, the
   findings signed by the court were in the terms of a statutory
   verdict in replevin, and no more than mere conclusions of law,
   except as to the value of the property and the amount of dam-
   ages; and a written opinion of the trial judge accompanying such
   findings, indicating his conclusion that there had been a deliv-
   ery to and retention by the mortgagee of the property in ques-
   tion, is *held* not to conclude the supreme court, where the evi-
   dence was uncontradicted and justified but one inference, and
   there had been a misapprehension of the law governing and de-
   fining the possession required by the statute in such situation.
2. In an action of replevin by a mortgagee of chattels against a
   sheriff who had levied thereon under an attachment in favor of
   a creditor of the mortgagor, it appeared, among other things,
   that the chattels were in the building occupied by the mort-
   gagor and in daily use by him; that when at night the building
   was closed everybody aside from the mortgagor was ostensibly
   excluded from any right therein; that, upon the absconding of
   the mortgagor, his wife continued exactly the same relation to
   the property; that plaintiff mortgagee had never caused the
   mortgage to be filed, but, after the mortgagor had absconded, an
   attempt was made to take possession of the mortgaged chattels
   by two officers of the plaintiff entering the building and telling
   the wife and clerk that they took possession, and that they then
   left the property exactly as it had been for the wife to continue
   to carry on the business, which she did until the property was
   seized by the sheriff. *Held,* that there was not such delivery
   or retention of possession as under sec. 2310, Stats. (1898),
   would validate a chattel mortgage as against creditors, nor such
   as, under sec. 2313, was equivalent to a proper filing of the chat-
   tel mortgage, and hence plaintiff failed to show any title against
   defendant, who, by virtue of his writ, represented a creditor.

3. The possession necessary to give validity to a chattel mortgage, under sec. 2310, Stats. (1898), so as to preclude presumption of fraud in a sale must be actual, open, unequivocal, and exclusive, and accompanied by the ordinary *indicia* of ownership and control such that those familiar with the situation would naturally draw the inference of a change of ownership.

4. Whether *Morrow v. Reed*, 30 Wis. 81, be still considered an authority in this state as to the validity of constructive delivery of mortgaged chattels to the mortgagee (a point not decided), it is *held* to only apply to property with the character there involved—practically impossible of more than verbal or symbolic delivery.

5. The delivery required by secs. 2310, 2313, Stats. (1898), is intended as evidence to the world that from the time thereof the grantee or the mortgagee has acquired from the grantor or mortgagor the ownership and control of the property, and differs radically from that mere technical delivery which, as between the parties, is held to evince intent to presently change the title in contradistinction from a mere agreement to transfer some time in the future.

APPEAL from a judgment of the municipal court of Outagamie county: THOMAS H. RYAN, Judge. *Reversed.*

Action of replevin of a cash register seized by the defendant by virtue of a writ of attachment against one Goetzke. Plaintiff claimed under a bill of sale, conceded to be a mortgage, made about one year before the attachment and covering the entire fixtures, liquors, and other stock in trade of a saloon owned by Alexander & Goetzke, and, apparently, later by Goetzke alone, who ran it with aid of a bartender. The bill of sale was never recorded, but about a week before the attachment, Goetzke having absconded, leaving his wife in occupation of the saloon over which they resided, the plaintiff's officers made a formal attempt to take possession under its bill of sale. The action was tried to the court, without a jury, and formal findings were made that the plaintiff was the owner and entitled to the possession of the property at the date of the attachment; that its value was $100, and the damages six cents. Accordingly, judgment was rendered

in favor of the plaintiff for possession, from which the defendant appeals.

The cause was submitted for the appellant on the brief of *Classon & Frank*, and for the respondent on that of *J. Elmer Lehr*.

Dodge, J. The only mooted question deemed necessary of consideration is that of the delivery and retention of possession of the mortgaged property made requisite to the validity of a chattel mortgage in absence of filing by sec. 2310, Stats. (1898). Upon this question there is no finding by the trial court; the findings signed being in the terms of a statutory verdict in replevin, and no more than mere conclusions of law, except as to the value of the property and the amount of damages. Conceding, however, that the accompanying opinion of the trial judge indicates his conclusion that such delivery had taken place, we cannot view such conclusion as at all binding upon this court, for two reasons: First, because the evidence on the subject is uncontradicted and, we are satisfied, justifies but one inference; and, secondly, because of the misapprehension of the law governing and defining the possession required by this statute. In his opinion the court declared that there need be only such delivery of possession that the plaintiff acquired the right to control the property, and that if the property were destroyed or lost the loss would fall on the plaintiff, as described in *Morrow v. Reed*, 30 Wis. 81. In that case the property under consideration was saw logs piled on the shores of Green Bay, with no form of possession or control ostensibly exercised over them other than such as resulted from actual title, and the transaction between mortgagor and mortgagee consisted merely in the pointing out of the logs as those mortgaged and the declaration of delivery followed by continued location of the logs at the same place. This in itself would constitute an obvious distinction from a case like the present, where

the property was of a character capable of actual manual possession and was within the physical use, control, and management by the mortgagor in a building owned or rented by him and in which he lived. In such case the *indicia* of possession are all present in the mortgagor, and the doctrine which has sometimes been applied in case of property situated as in the *Morrow Case* and some others which might be cited is not applicable. Hence, even if that case may still be considered authority in this state, notwithstanding subsequent decisions, it could be such only in application to property with the characteristics of that there involved—practically impossible of more than verbal or symbolical delivery. As to other classes of property, it has been many times declared by this court, both before and since *Morrow v. Reed,* that the possession necessary to give validity to a chattel mortgage like that essential under sec. 2310 to preclude presumption of fraud in a sale must be actual, open, unequivocal, and exclusive, and accompanied by the ordinary *indicia* of ownership and control such that those familiar with the situation would naturally draw the inference of a change of ownership. *Manufacturers' Bank v. Rugee,* 59 Wis. 221, 18 N. W. 251; *Schneider v. Kraby,* 97 Wis. 519, 73 N. W. 61; *Missinskie v. McMurdo,* 107 Wis. 578, 83 N. W. 578. The delivery required by these statutes is intended as evidence to the world that from the time thereof the grantee or the mortgagee has acquired from the grantor the ownership and control of the property. It differs radically from that mere technical delivery which, as between the parties, is held to evince intent to presently change the title in contradistinction from a mere agreement to transfer some time in the future. One may well have acquired such title as against his grantor so that in case the property be lost or destroyed it is his loss, and yet not have satisfied the purpose of publicity and notification involved in secs. 2310 and 2313.

In the present case it must be borne in mind that the pos-

session of the property by the mortgagor was clear, unambiguous, and exclusive of the rest of the world. It was in his building, either owned or rented; it was daily in his presence and used by him; and when, at night, the door of the saloon was closed, everybody else was ostensibly excluded from any right therein. Of course this condition did not change when, upon his absconding, his wife continued exactly the same relation to the property. Now the evidence as to the attempt to take possession is, as we have said, undisputed, and to the effect that two officers of the plaintiff entered the saloon, exhibited a letter from the absconding owner, and told Mrs. Goetzke and the bartender that they took possession, and then left the property, both fixtures and stock in trade, exactly as it had been for Mrs. Goetzke to continue to operate it as a saloon. True, one of them says he told the bartender "to look after the place and incur no obligations," but at once declares that they did not mean that he should operate the place for plaintiff, but considered Mrs. Goetzke as continuing her former operation, with the bartender as her employee. This she did, receiving all proceeds of sales until after seizure of the cash register by defendant. Clearly this constituted no such delivery of possession as the law requires. But even more clearly is absent that retention of possession which sec. 2310 makes equally essential to the validity of a chattel mortgage as against creditors. For this reason there is no escape from the conclusion that plaintiff has failed to show any title as against the defendant, who, by virtue of his writ of attachment, represented a creditor.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for defendant according to law.