PORTE, Respondent, vs. CHICAGO & NORTHWESTERN RAIL-
WAY COMPANY, Appellant.

*February 1—February 22, 1916.*

*Assignment of future earnings: Validity: Termination of employ-
ment: New contract: Nonjoinder of wife in assignment: Foreign
judgment, when binding: Public policy: Estoppel.*

1. An assignment of future earnings is valid only as to earnings to
   become due under an existing contract of employment.
2. Plaintiff's employment by the defendant railway company as a
   switchman in Chicago is *held* to have terminated prior to his
   employment by the same company as a brakeman at Green Bay,
   Wisconsin, it appearing that both parties considered and treated
   the latter employment as a new contract.
3. An assignment made by plaintiff in Illinois, during the earlier
   employment, of all his wages earned and to be earned from the de-
   fendant was absolutely void, under the common law, as to wages
   earned under the new employment; and a power of attorney to
   collect such wages, attached to the assignment, was also void.
4. Such assignment was also void as to the wages earned in the new
   employment, under the Wisconsin statute (sec. 2313a, Stats.
   1915) declaring that no assignment of exempt wages "shall be
   valid for any purpose" if not signed by the assignor's wife.
5. In an action brought in Illinois against the railway company the
   assignee recovered judgment for wages earned under the new
   contract. This plaintiff was not made a party or served with
   process in that action, but he informed the defendant that his
   earnings were exempt and the assignment invalid under the
   Wisconsin statutes. The defendant did not interpose those de-
   fenses in that action or inform the Illinois court that the wages
   in question were earned under an employment not existing when
   the assignment was executed. *Held*, that under those circum-
   stances the judgment was not binding upon this plaintiff so as
   to preclude his recovery, in an action in Wisconsin, of the wages
   due from the defendant.
6. The assignment being contrary to the public policy of this state,
   plaintiff had the legal right to resist its enforcement here; and
   upon the facts stated there was no estoppel.

APPEAL from a judgment of the circuit court for Brown
county: HENRY GRAASS, Circuit Judge. *Affirmed.*

This is an action to recover wages earned by the plaintiff while in the employ of the defendant company as a brakeman.

The plaintiff, a married man having a family dependent upon him, was in the employ of the defendant company as a switchman at Chicago, Illinois, until October 9, 1912. At this time he quit his employment with the company at Chicago and moved to Green Bay, Wisconsin, on account of the ill health of his wife. On August 15, 1912, the plaintiff, while residing in Chicago, Illinois, and while in the employ of the defendant, assigned to L. G. Cobb & Co. his wages for the ensuing year until August 31, 1913. This assignment was in writing signed by him but not by his wife. The instrument also gave to Cobb & Co. power of attorney to sue, collect, and receipt for money due them under the assignment. The assignment reads as follows:

"For a valuable consideration to me in hand paid by L. G. Cobb & Co., a corporation, the receipt of which is hereby acknowledged, I do hereby sell, transfer, assign and set over to the said L. G. Cobb & Co., a corporation, or its assigns, all wages and claim for wages or commission earned and to be earned, and all claims and demands due or to become due me from the *Chic. & No. West. Ry. Co.,* their successors, heirs or assigns, or any other firm, person, company or corporation, by whom I may hereafter be employed, or who may owe me money for any consideration whatsoever, up to and including the last day of August, 1913; and I hereby authorize and direct the party or parties named above, or any of them, to pay the said demand and claim and all thereof to the said L. G. Cobb & Co., a corporation, or its assigns.

"I do hereby constitute and appoint the said L. G. Cobb & Co., a corporation, or its assigns, my attorneys in my name to take all legal measures which may be proper or necessary for the complete recovery and enjoyment of the claim or claims hereby assigned; and I hereby authorize and empower it to receive any money which may become due hereon and

receipt for the same in my name, hereby ratifying any acts my said attorneys may take herein.

"Witness my hand and seal this 15th day of August, 1912.
"BARNEM F. PORT.    (Seal.)"

On October 24, 1912, upon plaintiff's application for employment as brakeman and having passed the physical examination, he was employed by and commenced work for the defendant company as a brakeman at Green Bay, Wisconsin. The defendant paid the plaintiff for services performed under this employment until December 1, 1912. On November 27, 1912, the defendant received notice of the assignment; and on December 6, 1912, the assignment was filed with the defendant. On January 27, 1913, L. G. Cobb & Co., the assignee, brought suit on the assignment against the defendant company in Chicago, Illinois, and recovered judgment on March 21, 1913, for $116.05 of the amount due plaintiff for his December and January earnings. The plaintiff on February 3, 1913, commenced an action against the defendant company to recover these wages earned between December 1st and January 18th, amounting to $118.82. After two postponements the plaintiff took judgment by default. Defendant appealed the action to the circuit court for Brown county, where judgment was rendered for the plaintiff in the sum of $108, together with the costs and disbursements of the action. The plaintiff was not a party to the suit by L. G. Cobb & Co. against the defendant in Chicago, Illinois, no service of summons having been made upon him. The plaintiff's attorney by letters dated February 13 and 17, 1913, notified the defendant, before the L. G. Cobb & Co. action was tried, that plaintiff claimed the assignment was void and that the amount due him was exempt as wages earned in Wisconsin, and that plaintiff claimed the right to recover the wages due him from defendant. From the above judgment this appeal is taken.

*Edward M. Smart,* for the appellant.

*R. I. McCreery,* for the respondent.

SIEBECKER, J.   The defendant asserts that the trial court erred in holding that plaintiff was employed by defendant in October, 1912, and that he commenced work for defendant under this employment on October 24, 1912. The record clearly sustains the trial court on this point. The record shows that on October 14, 1912, the plaintiff applied to the defendant for employment as brakeman at Green Bay, Wisconsin. This was an entirely different position from the one he held as switchman in Chicago. The transactions between the plaintiff and defendant on the subject show that both parties considered and treated it as a new contract of employment. From this it necessarily follows that plaintiff's employment as switchman in Chicago was terminated.

Plaintiff's assignment of his earnings for future services is a valid assignment only of the earnings which became due under the employment existing at the time of the assignment. Wages to be earned under an employment not in existence are not assignable. The law recognizes no assignment of future earnings unless such earnings are based on an existing contract of employment. This doctrine is based on considerations of a policy that such assignments tend to subject wage earners to harsh and unreasonable conditions of servitude which operate against the general welfare. In their legal aspect such assignments are considered to deal with a mere possibility not coupled with an interest. *Lehigh Valley R. Co. v. Woodring,* 116 Pa. St. 513, 9 Atl. 58; *Mallin v. Wenham,* 209 Ill. 252, 70 N. E. 564; *Stromberg, Allen & Co. v. Hill,* 170 Ill. App. 323; *Blakeslee v. Make-Man T. Co.* 175 Ill. App. 515; *Herbert v. Bronson,* 125 Mass. 474; *Mulhall v. Quinn,* 1 Gray (67 Mass.) 105; *Eagan v. Luby,* 133 Mass. 543; 4 Cyc. 18, "Assignments—Future earnings." We consider that the assignment in question was absolutely void as to the earnings of plaintiff here in question under the common law and that the power of attorney attached to the instrument of assignment is likewise void. An additional con-

sideration in plaintiff's favor arises under the Wisconsin statute, which inhibits the assignment of any wages for more than sixty days and of all exempt wages unless the assignor's wife joins in the contract of assignment as prescribed by sec. 2313a, Stats. 1915.    The statute is a clear declaration of the state policy on this subject and under it no assignment of exempt salary or wages "shall be valid for any purpose" unless in writing and signed by the wife.    In the light of this state of the case the assignee of the plaintiff under the assignment in question acquired no interest or right to the wages plaintiff earned under the October, 1912, contract with defendant.

It is contended that since the Illinois court adjudged that the assignment is a valid transfer of the earnings here in dispute and awarded recovery thereof by the assignment against the defendant, which judgment the defendant paid, the plaintiff is estopped in law to recover these earnings.    The record does not show that the Illinois court was informed by the defendant in that action that the earnings in question were due for services rendered under an employment which was not in existence when the assignment was executed.    If this fact had been brought to the Illinois court's attention the court undoubtedly would have dismissed the complaint because the adjudications of the Illinois courts declare that in law such an assignment of future earnings is void.    See *Stromberg* and *Blakeslee* cases, *supra*.    It also appears that plaintiff was not served with process nor was he a party to the action in Illinois, and he was not requested by defendant to defend in the Illinois action.    Under these facts and circumstances it devolved on defendant to interpose all defenses to the assignment, including the defense arising out of the Wisconsin statute, which plaintiff's attorney had brought to the attention of defendant's attorneys before judgment was rendered in the Illinois court.    *Pierce v. C. & N. W. R. Co.*

36 Wis. 283; *Frels v. Little Black F. M. Ins. Co.* 120 Wis. 590, 98 N. W. 522.

The Illinois judgment, under the facts above indicated, does not bind plaintiff under the rule that it shall be given such faith and credit in Wisconsin as it received in the state where rendered. *D'Arcy v. Ketchum,* 11 How. (52 U. S.) 165; *Pennoyer v. Neff,* 95 U. S. 714; *Hamilton v. Rogers,* 67 Mich. 135, 138, 34 N. W. 278; *Pickett v. Ferguson,* 45 Ark. 177. Plaintiff had informed defendant that his earnings were exempt and that the assignment was invalid under the Wisconsin statutes. He had the legal right to resist the enforcement of any alleged Illinois contract in Wisconsin if it contravened the public policy of the state of Wisconsin. *Fox v. Postal Tel.-Cable Co.* 138 Wis. 648, 120 N. W. 399. The plaintiff clearly called defendant's attention to the fact that he would insist on this right when the settlement was proposed, hence defendant was not misled by plaintiff, which caused it to waive any rights in the Illinois litigation. There is no reversible error in the record.

*By the Court.*—The judgment appealed from is affirmed.