BLACK HAWK STATE BANK, Appellant, vs. M. ACCOLA, imp., Respondent: J. ACCOLA, Garnishee, Respondent.

*September 15—October 11, 1927.*

*Chattel mortgages: Where filed: Removal of mortgagor from filing district: Withdrawal of mortgage from clerk's office: Order on clerk of auction: Equitable assignment: Validity: Trial: Relieving party from default.*

1. Where a mortgagee filed a chattel mortgage with the clerk of the town in which the mortgagors resided, withdrawal of the mortgage from the office of the town clerk by the mortgagee destroyed its validity against creditors of the mortgagors. p. 31.
2. The chattel mortgage having been properly filed with the clerk of the town in which the mortgagors resided, it was not necessary for its continued validity that it be filed in the town to which they subsequently removed, in order to protect the mortgagee's rights against subsequent purchasers. p. 31.
3. Since a bill of sale from the mortgagors to the mortgagee of the mortgaged property could have been executed in good faith under sec. 241.05, Stats., to discharge the mortgagors' debt, an order of the mortgagors to the clerk of an auction to pay the mortgagee from the fund realized from the sale of the mortgaged property is an equitable assignment of the fund, so as to invest the mortgagee with title to the proceeds thereof; and although the order was for part of the fund, it is *held* that the clerk impliedly gave his consent to such partial assignment. pp. 32, 33.
4. The matter of opening up a judgment to permit a garnishee to answer and to defend is largely in the discretion of the trial court. p. 33.

APPEAL from a judgment and an order of the circuit court for Sauk county: HERMAN W. SACHTJEN, Circuit Judge. AUGUST C. HOPPMANN, Circuit Judge. *Affirmed.*

This is a garnishee action brought by the plaintiff against the defendant *John Accola* to recover moneys in his hands alleged to be the property of the defendants John Kinzler and Mabel Kinzler. The garnishee defendant answered alleging that the fund sought to be reached belonged to the defendant *Martin M. Accola*. From a judgment dismissing the garnishee proceedings the plaintiff appealed.

*Thomas W. King* of Spring Green, for the appellant.
*Frank B. Moss* and *V. H. Cady,* both of Baraboo, for
the respondents.

Owen, J.  On July 16, 1923, John Kinzler and wife
executed and delivered to the defendant *Martin M. Accola*
a chattel mortgage on property therein described to secure
their promissory note of $695.  At the time of the execu-
tion of the chattel mortgage the mortgagors resided in the
town of Franklin, in Sauk county.  The mortgagee filed
said chattel mortgage with the town clerk of said town.
Thereafter the mortgagors removed to the town of Honey
Creek, in Sauk county.  The mortgagee, *Martin M. Accola,*
then withdrew said chattel mortgage from the office of the
town clerk of the town of Franklin and filed it in the office
of the town clerk of the town of Honey Creek.

The mortgagors were unable to pay the indebtedness
when it became due.  It was apparent that the mortgagee
would have to realize the amount of his claim out of the
mortgaged property.  It was believed that the property
would sell to better advantage at an ordinary farm auction
sale than at a sale upon foreclosure, consequently it was
agreed between the Kinzlers and *Martin M. Accola* to hold
a farm auction sale of the property; that one *John Accola*
would act as clerk of the auction, and that the Kinzlers
would give *Martin M. Accola* an order on *John Accola,* the
clerk of the auction, to pay to *Martin M. Accola* the
amount due him on his note secured by the chattel mort-
gage.  The auction was duly advertised and held on
November 21, 1924.  On said date, prior to the holding
of the auction, the following order was duly executed by
the Kinzlers and delivered to *Martin M. Accola,* the mort-
gagee:

"Prairie du Sac, Wisconsin, November 21, 1924.
"*J. L. P. Accola,* clerk, please pay to *Martin M. Accola*
or bearer seven hundred sixty 14/100 dollars, being the

amount due him on a first chattel mortgage and note dated July–19–23, and charge the same to my auction account.

"JOHN KINZLER.
"MABEL KINZLER."

Later in the afternoon of that day, when the auction sale was nearly but not quite completed, the plaintiff, to whom the Kinzlers were indebted, caused a garnishee summons to be served upon *John Accola,* the clerk of the auction, claiming that said *John Accola,* as clerk of said auction, had in his possession property and money belonging to the Kinzlers. The question presented by the issues is whether the plaintiff is entitled to the funds in the hands of the garnishee defendant by virtue of its garnishee process, or whether the defendant *Martin M. Accola* is entitled thereto under and by virtue of his chattel mortgage or the order delivered to him on the morning of the auction sale.

It appears to be settled that the withdrawal of the chattel mortgage from the office of the town clerk by the mortgagee, *Martin M. Accola,* destroyed its validity against the creditors of the Kinzlers. *Gruner v. Star P. Co.* 40 Wis. 523. The chattel mortgage having been filed in the first instance in the proper office, it was not necessary for its continued validity that it be filed in the town to which the Kinzlers had removed in order to protect the mortgagee's rights against subsequent purchasers. *Bailey v. Costello,* 94 Wis. 87, 68 N. W. 663. At any time, therefore, after the withdrawal of the mortgage from the office of the town clerk, the property mortgaged was subject to levy or attachment by Kinzlers' creditors. The plaintiff, however, made no attempt to attach the property covered by the mortgage. It sought to reach the proceeds arising from the sale of the property at the auction. The Kinzlers attempted to vest *Martin M. Accola* with the title to such proceeds by executing the order already set forth, and we are to inquire whether this was effectively accomplished.

Whether or not the circumstance has a controlling in-

fluence upon our ultimate conclusion, it seems proper to observe that had the Kinzlers, in good faith, executed a bill of sale of the physical property covered by the mortgage, at the time the order was executed and delivered, in payment of the debt, the transaction would have been valid and would have vested *Martin M. Accola* with good title to the mortgaged property, even though possession of the property had not been delivered nor the bill of sale filed. Sec. 241.05, Stats., makes such transactions presumptively fraudulent as against creditors, but provides in effect that such presumption may be rebutted by proof that such sale was in good faith and without any intent to defraud other creditors. There is no contention here that there was any bad faith on the part of either the Kinzlers or *Accola*. The Kinzlers owed *Accola* the amount indicated by the order. As between the Kinzlers and *Accola, Accola* had a valid chattel mortgage upon their property. It was the desire of both parties to have that property applied to the discharge of the debt. Under such circumstances there is no room for a charge of bad faith on the part of either the Kinzlers or *Accola*. So we conclude that a bill of sale of the property covered by the chattel mortgage executed for the purpose of discharging the indebtedness would have been valid. As a matter of policy and convenience, the same purpose was sought to be accomplished by a different method. It was proposed to convert the property into cash and to give *Accola* title to the cash. That the order operated as an assignment of the fund which should come into the hands of the clerk of the auction cannot be questioned. It was contemplated that the fund should be created out of the property then owned by the Kinzlers. The fund had a potential existence and the Kinzlers had a present interest in it. The fund, therefore, was subject to assignment, and the order constituted an equitable assignment thereof. *Dirimple v. State Bank,* 91 Wis. 601, 65 N. W. 501; *Skobis v. Ferge,* 102 Wis. 122, 78 N. W. 426; *Cook v. Menasha,* 103 Wis.

6, 79 N. W. 26; *O'Niel v. Wm. B. H. Kerr Co.* 124
Wis. 234, 102 N. W. 573; *Porte v. C. & N. W. R. Co.*
162 Wis. 446, 156 N. W. 469. The foregoing authorities
but give expression to a rule of universal recognition that
an order such as the one here under consideration given for
the whole of a fund operates as an equitable assignment of
that fund. Where the order is for a part of a specified
fund, then it does not so operate unless the person upon
whom the order is given consents to the separation of the
fund. In this case the garnishee defendant gave such con-
sent, impliedly if not expressly, so that the order constituted
a valid equitable assignment of that portion of the fund
designated in the order. We see no escape from the con-
clusion that the order vested the defendant *Martin M.
Accola* with complete title to the amount of the fund desig-
nated in the order, which, it may be stated, was more than
the amount realized on the auction sale. It follows that the
garnishee defendant, *John Accola,* had nothing in his hands
belonging to the Kinzlers which could be reached by the
garnishee process, and the garnishee proceedings were prop-
erly dismissed.

There remains another question to be noticed. The
garnishee defendant made no answer nor disclosure in re-
sponse to the garnishee summons, and judgment was ren-
dered against him in favor of the plaintiff. Upon his
application, the court, by an order dated November 17, 1925,
vacated the judgment and permitted the garnishee, *John
Accola,* to answer. The appeal in this case is from the
judgment dismissing the garnishee proceedings and from
the order just mentioned. It is insisted that this order was
improper. The matter of opening up a judgment to permit
a party to defend is largely in the discretion of the trial
court. We have examined the record and we find no abuse
of discretion. The statute requires the appeal from an order
such as this to be taken within thirty days after the date of
the service by either party upon the other of a copy of such

order with a written notice of the entry of the same. We have examined the record and find that no notice of the entry of this order was served upon the plaintiff, and we have treated the appeal as though it were taken in time.

*By the Court.*—Judgment and order appealed from affirmed.