George W. Rinck, Appellant, v. United States Rubber Company, Inc., Appellee.

Opinion filed June 4, 1931.

PRESTON K. JOHNSON, for appellant.

FARMER & KLINGEL, for appellee.

MR. JUSTICE FULTON delivered the opinion of the court.

On June 6, 1929, George A. Dunn, an individual doing business under the trade name of West End Tire Shop, being indebted to William A. Schmisseur in the amount of $13,000, executed and delivered to Schmisseur, six notes covering said indebtedness as follows: notes nos. 1 to 5, inclusive, each for the sum of $1,000, due in two, four, six, eight and ten months after date; and note no. 6 for the sum of $8,000 due one year after date. To secure these notes Dunn executed to Schmisseur his chattel mortgage for said amount of $13,000 upon the furniture, fixtures, equipment, tools and stock of tires, tubes and other merchandise located in his tire shop at Belleville, Illinois.

James Dunn, brother of George A. Dunn, signed the notes as surety and also executed the chattel mortgage, although he claims no interest in the business or the property. The mortgage provided that the mortgagors should retain possession of the property until default in the payment of the notes and for foreclosure by taking possession and sale. No payments were made on the notes, and on May 20, 1930, Schmisseur attempted to take possession of the mortgaged goods, and commenced foreclosure by posting notice of sale on the front window of the shop and placed James W. Dunn, who signed the notes and was one of the mortgagors, in possession as custodian.

The sale was advertised for May 26, 1930, at two o'clock, but at that time announcement was made that the sale was postponed until May 31, and on that day the goods and chattels were sold to appellant. On May 21, 1930, the day after Schmisseur posted his notice of sale, a judgment was entered by the circuit court of St. Clair county in favor of the appellee and against George R. Dunn, doing business as the West End Tire Shop. On the same day an execution was issued on the judgment and delivered to the sheriff who made a levy upon the goods and chattels in question, took possession of, and placed a custodian in charge. After sale was had under the chattel mortgage on May 31, 1930, the appellant as purchaser at said sale, on the same day, filed his written claim with the sheriff, upon which this action is based. A trial of the right of property was had before the court, a jury having been waived, and the court found the issues in favor of the appellee and that the property was subject to the execution and did not belong to the appellant. The appeal comes to this court on questions of law only, there being no dispute as to the facts.

The controlling question in the case is whether or not under the circumstances shown by the record, the purchaser at the mortgage sale can hold the mort-

gaged property as against the levy of an execution in behalf of a judgment creditor.

Counsel for appellant cites authorities showing conclusively that a chattel mortgage upon merchandise which is subject to sale in the course of business is valid, where possession is taken thereunder prior to the intervention of the rights of third parties, but the possession obtained by the mortgagee in this case, is of an entirely different character from the change of possession outlined in the cases cited.

We do not believe that the posting of the sale notice on the front window of the shop and the placing of the mortgaged goods and chattels in the custody of one of the mortgagors is such taking and retaining possession of the mortgaged property as is required by law to preserve the lien of the chattel mortgage against an execution such as was issued in this case in behalf of appellee, as a judgment creditor. *Watkins v. Dunbar,* 232 Ill. App. 1; *Williams v. Head,* 219 Ill. App. 5, and the cases therein cited.

The judgment of the county court of St. Clair county will be affirmed.

*Affirmed.*