Carpenter, Appellant, vs. Forbes and others, imp., Respondents: Gray and others, Garnishees.

*March 9—June 6, 1933.*

The cause was submitted for the appellant on the brief of *Thomas W. King* of Spring Green, and for the respondents on that of *J. Charles Pile* for the respondent Frank M. Allen, and *C. H. Knudson,* attorney for respondent Sam Forbes, both of Dodgeville.

The following opinion was filed April 11, 1933:

FRITZ, J. The question presented is whether the plaintiff, by virtue of his garnishee process, is, as a judgment creditor of Orrin C. Forbes and Mabel Forbes, entitled to the proceeds of an auction sale of personal property of the judgment debtors; or whether F. M. Allen and Sam Forbes, who were interpleaded in the garnishment proceedings, are entitled to those proceeds, as was held by the trial court. There is no dispute as to the facts essential to the determination of this appeal. On and prior to January 5, 1932, Orrin C. Forbes owed Ida O. Helmenstine $262.43, which was secured by a chattel mortgage on the personal property owned by him and his wife. He had also given a second mortgage on that property to Sam Forbes, to whom he owed $1,600. There is no controversy as to the validity of those mortgages. Orrin Forbes then also owed $124.45 to F. M. Allen, and $32.50 to Roy Salzman. Orrin C. Forbes had arranged for the sale at public auction, on January 6, 1932, of his personal property, and had designated H. L. Gray as the clerk at the auction to whom purchasers were to pay for property bid in by them. Sale bills advertising the auction and arrange-

ments had been published. On the afternoon of January 5, 1932, F. M. Allen and Roy Salzman demanded payment of the indebtedness owing them by Orrin C. Forbes. He and his wife then signed and delivered to F. M. Allen an assignment, which was written on the back of one of the auction sale bills, of the property described therein and three additional items, subject to the Helmenstine mortgage. In connection with the delivery of that assignment, it was agreed between the parties then present that out of the payments to be made by purchasers at the auction to Gray, as clerk, he was to pay first the expenses of the sale and the Helmenstine debt, then to Allen the $156.95 owing to Allen and Salzman, and the balance to Sam Forbes. Allen did not take actual possession of the personal property, which remained on the farm occupied by Orrin C. Forbes until it was sold at the auction on January 6, 1932. Allen did not file the written assignment as prescribed by statute in relation to a conditional bill of sale or a chattel mortgage. However, he delivered the assignment to Gray, and notified him as to the arrangement which had been made with Orrin C. Forbes in relation to the disposition by Gray of the purchase money to be paid on the sale. Sam Forbes, when informed of the arrangement, acquiesced therein because he understood he was to receive the balance of the proceeds from Gray, whom he informed that he was satisfied to have the sale proceed. Gray had also been notified on behalf of Mrs. Helmenstine to pay to her the amount of her claim. Out of the proceeds at the sale Gray paid the expenses of the sale, unpaid taxes on the property, and the Helmenstine debt. He then had $185.30 on hand, and was also to receive $158 and $49 from two purchasers at the sale, when the plaintiff's garnishee process was served on him and those two purchasers, as garnishee defendants. Thereupon Gray and those two paid those amounts into court. The trial court found that none of the garnishee defendants were indebted to or had in their possession or their control any property belonging to Orrin

C. Forbes and his wife; and ordered that judgment be entered for the payment, out of the moneys paid into court, of $156.95 to Allen, and the balance to Sam Forbes.

It is apparent that the written assignment to Allen of Orrin C. Forbes' personal property was given rather to secure the indebtedness owing by the latter to Allen and Salzman than as an absolute sale of the property to Allen. Consequently, as plaintiff contends, it was in fact a chattel mortgage and must be treated as such in all respects. *First Nat. Bank v. Damm,* 63 Wis. 249, 23 N. W. 497; *Bertschy v. Bank of Sheboygan,* 89 Wis. 473, 61 N. W. 1115; *Salter v. Bank of Eau Claire,* 97 Wis. 84, 72 N. W. 352; *Holak v. Southard,* 182 Wis. 494, 196 N. W. 769. As the instrument was not filed with the register of deeds under sec. 241.10, Stats., and there was no change of possession of the property therein described by an actual, open, unequivocal delivery to Allen, exclusively, that instrument was invalid under sec. 241.08, Stats., as a mortgage against any other person than the parties thereto. *Underwood Veneer Co. v. Lucia,* 202 Wis. 507, 232 N. W. 853; *George Walter Brewing Co. v. Lockery,* 134 Wis. 81, 114 N. W. 120.

On the other hand, although Sam Forbes consented to the sale of the property, he did not thereby waive the lien of his mortgage because his consent was solely on the condition that the purchasers at the sale were to pay to Gray, who in turn, after paying the expenses of the sale and the Helmenstine, Allen, and Salzman debts, was to pay the balance directly to Sam Forbes. The consent by a mortgagor to a sale under such express conditions does not result in the discharge of the lien in so far as the mortgagor and his creditors are concerned. Under such circumstances, "the proceeds in either case are impressed with a trust by agreement of the parties. The trustee has at all times been in possession of the proceeds, and his claim thereto, under the trust reposed in him, is superior to a garnishment by a judgment creditor of the original owner of the property." *Hoyt v. Clemans,* 167

Iowa, 330, 149 N. W. 442, L. R. A. 1915 C, 166; *Minneapolis T. M. Co. v. Calhoun,* 37 S. Dak. 543, 159 N. W. 127. In connection with citing those cases and others, we held in *Caroline State Bank v. Andrews,* 204 Wis. 393, 235 N. W. 794:

"When the agreement which authorizes the mortgagor to sell expressly provides that the sale shall be made in the name of the mortgagee and that the proceeds shall be paid directly to the mortgagee or to some third person for the use of the mortgagee, then the lien of the mortgage follows the chattels and the proceeds to the extent that they are to be paid to the mortgagee."

However, regardless of the rights of Sam Forbes, by reason of his chattel mortgage, and the status of Allen and Salzman, by reason of their intended bill of sale, the agreement between Allen, Salzman, and Orrin C. Forbes and his wife on January 5, 1932, and the consent thereto on January 6, 1932, by Sam Forbes and Gray, in so far as they were concerned, operated as an assignment of the entire fund which should come into the latter's hands, as clerk of the auction. Paraphrasing the language of this court in *Black Hawk State Bank v. Accola,* 194 Wis. 29, 32, 215 N. W. 433, it was contemplated that the fund should be created out of the property then owned by Orrin C. Forbes and wife. The fund had a potential existence, and the Forbeses had a present interest in it. The fund, therefore, was subject to assignment and the agreement constituted an equitable assignment thereof to the parties and in the amounts and order of payment agreed upon. The fact that in the case at bar the agreement constituting the equitable assignment was oral and not written does not render it invalid. "Parol and written equitable assignments are of equal validity." 5 Corp. Jur. p. 911, § 78; 2 Ruling Case Law, p. 615, § 21.

"It is well settled that in order to constitute a valid assignment of a debt or other chose in action, in equity, no particular form of words is necessary. Any words which show

an intention of transferring or appropriating the chose in action to the assignee for a valuable consideration are sufficient; nor is any written instrument required. Any order, writing, or act which makes an appropriation of the fund amounts to an equitable assignment, and an oral or written declaration may be as effectual as the most formal instrument." *Crook v. First Nat. Bank*, 83 Wis. 31, 39, 52 N. W. 1131.

It follows that the equitable assignment by virtue of that oral agreement vested each of the defendants, Allen and Sam Forbes, with complete title to the portion of the fund created out of the sale of the property at auction, which has been awarded to each by the court's judgment. Consequently, the garnishee defendants had nothing belonging to Orrin C. Forbes and his wife which could be reached by the garnishee process, and the garnishee proceedings were properly dismissed. *Black Hawk State Bank v. Accola, supra.*

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on June 6, 1933.