## MEREDITH v. CALLANAN.

*Appeal from Cass District Court — Friday, February 23.*

ACTION in equity to set aside a treasurer's tax deed for the south-west quarter of section twenty-eight, township seventy-seven, north of range thirty-seven west, in Cass county, made January 4, 1864, by the treasurer of said county, to O. Meads, and by him conveyed to the defendant, Callanan. The petition contained allegations of fact relied upon to defeat the tax title. The defendant answered in denial, etc., and by cross-petition set up an agreement in detail, whereby plaintiff was to release and convey his interest in the land to defendant, and asked that his title be quieted, etc. Upon the hearing, the plaintiff having dismissed or withdrawn his action, the court adjudged that the cross-petition be dismissed absolutely. The defendant, Callanan, appeals.

*Barcroft, Gatch & Hammond* for the appellant. — *Nourse & Kauff-man* for the appellee.

COLE, J. — The plaintiff dismissed his action before the hearing. The only question for trial upon the cross-action was one of fact. The parties agreed, as the defendant claims, that in consideration of the conveyance by him to plaintiff of two tracts of land to which defendant held a tax title, upon the payment of the sum required as on re-demption, that the plaintiff would release and convey to defendant the land in controversy. The plaintiff claims that he was to have the two tracts for the sum named, but was not to release his interest in the land in controversy.

Each party testifies to the contract as claimed by him. But the defendant introduces letters showing that when he sent the convey-ances of the two tracts to his agent, for delivery to plaintiff, he wrote both the plaintiff and the agent that they were sent for delivery, in pursuance of the contract as claimed by him. With a clear and full understanding of the terms upon which the deeds were sent, the plain-tiff took them and has kept them ever since. When he took them,

however, he denied to the agent that the contract was as claimed and stated by defendant, and agreed to return them in a week or so, if defendant, on being written to, did not assent to his retaining them. The defendant was written to and promptly replied, that plaintiff must return the deeds unless he accepted them upon the terms stated, and of this plaintiff was duly advised. The plaintiff never did return the deeds, but had them recorded shortly after he received them, and still claims the land under them. He must be held, therefore, to have accepted the conveyances upon the terms of the contract as stated to him at the time, and is thereby estopped from denying his obligation to comply with its terms on his part.

It is no answer for the plaintiff to say that when he received the deeds he expected the agent to notify him if the defendant did not consent to his retention of them upon the terms he claimed, for he knew that his title depended upon that consent, and it was his duty to obtain it before treating the conveyances as his. Nor is the fact that defendant still keeps the money paid his agent by plaintiff when he took the deeds, any objection to the relief asked by defendant. The defendant had the right to treat the contract as completed upon the terms he claimed, unless the plaintiff returned the deeds and demanded the money. The judgment should have barred the plaintiff's title and quieted the title in defendant with costs.

Reversed.