FRED GRUMME, Trustee, v. FIRMINICH MANUFACTURING COMPANY, Appellant.

**Mortgagee:** ESTOPPEL TO DENY VALIDITY. Where a note secured by a chattel mortgage, made by a corporation to a trustee, as security for the claims of two creditors, provided that, in case of a foreclosure, one of them shall be paid before the other, and the latter accepts and approves the transaction, and, at his instance, the mortgage is subsequently foreclosed, he cannot afterwards question the validity of the mortgage because it was not executed by the proper officers of the corporation, nor claim that he was not a party to the priority agreement therein.

PRIORITY: *Right to proceeds*. Where, after the execution of a chattel mortgage to a trustee, to secure the claims of two creditors, the mortgagor continues in possession and makes sales of the goods in the usual course of trade, assigning the accounts therefor to one of the creditors, and sales are made to one of the other secured creditors, with the consent of the first, the trustee is entitled to recover of the other the price of the goods sold to him.

EVIDENCE: *Admissibility*. In an action by a mortgagee to recover for goods sold and delivered by the mortgagor, after the execution of the mortgage, proof of an assignment of the account therefor from the mortgagor is admissible to show plaintiff's right of action.

ESTOPPEL: *Between mortgagees*. In a suit to foreclose a chattel mortgage made to a trustee as security for the claims of two creditors, one of whom was given priority over the other, the creditor having the junior lien, in submitting to the trustee the amount for which he claimed judgment, deducted the value of certain goods purchased of the mortgagor after the execution of the mortgage, and judgment was taken by the trustee for the balance without any knowledge that such credit had been made. *Held*, that the

account for the goods sold to the creditor having been assigned by the mortgagor to the trustee, the latter was not estopped by such judgment from maintaining an action for the value of the goods purchased.

**Appeal:** FINDINGS BELOW: *Review of evidence.* Where a trial is had to the court the cause will not be reversed on account of errors in the admission of evidence, when the findings can be sustained without reference to such evidence.

*Appeal from Marshall District Court.*—HON. OBED CAS-WELL, Judge.

SATURDAY, FEBRUARY 3, 1900.

THE petition first states what is in form a cause of action in replevin for certain syrup kits, the possession of which plaintiff claims under a chattel mortgage. All the requirements of a petition in replevin are observed, but, in addition, there is an allegation that the property has been disposed of by defendant, and judgment is asked for its value. A writ of attachment is also prayed on the ground that defendant is a foreign corporation. The defenses will appear in the body of the opinion. There was a trial to court, and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*J. L. Carney* for appellant.

*J. M. Whitaker* for appellee.

WATERMAN, J.—The Western Syrup & Preserve Company, of which plaintiff was president, was indebted to the Marshalltown State Bank and to defendant company. To secure both of these debts it executed a chattel mortgage on the property in question with other property to plaintiff as trustee. The entire indebtedness was embodied in one note, upon the back of which was indorsed an agreement that the bank should be first paid in case the security was enforced. A question is made as to the validity of the mortgage because, as claimed, it is not executed by the proper officers; and it

is also contended that defendant was not a party to the agreement indorsed upon the note. Both of these matters are disposed of by the undisputed testimony. After the mortgage and agreement of priority were made, defendant was informed of the matter, and accepted and approved the whole transaction. At its instance and request the mortgage was afterwards foreclosed. It is not now in position to raise either of the questions suggested. *Lampson v. Arnold,* 19 Iowa, 479; *Meredith v. Callanan,* 33 Iowa, 590.

II. It is next contended that defendant purchased the property of the mortgagor, and that the Marshalltown State Bank, the only other party interested under the mortgage, consented to such sale. If this were true, the lien of the mortgage would, of course, be lost, and, ordinarily, there would be no privity between the purchaser and the mortgagee. *In re Estate of Maxwell,* 83 Iowa, 591. But the facts here are that, while the mortgagor continued business after the mortgage was executed, and made sales of goods, and assigned the accounts against the purchasers to the Marshalltown State Bank. The bank consented to the sale to defendant, as it consented to all other sales, and, as between it and the mortgagor, became entitled to the proceeds. This is not disputed by the mortgagor, nor could it be consistently under the evidence. Plaintiff has, therefore, a right to sue for the purchase price of the property, which has never been paid.

III. Plaintiff brought suit to foreclose the mortgage mentioned, and obtained judgment against the Western Syrup & Preserve Company for the amount due it, and also for the amount due defendant, after crediting the latter with the value of the property which is the subject of dispute here. The claim is made that, as plaintiff recognized defendant's right to credit on its account the value of these kits, and obtained judgment on the account only for the balance, it is now estopped from asserting that

defendant is not entitled to the property. It seems that this action to foreclose was brought, and judgment asked for the amounts claimed by the mortgagee. Defendant submitted its account, showing the balance due after deducting credits for "merchandise." What this merchandise was does not appear on the face of the account, and was not known to the bank or to the plaintiff. The balance claimed by defendant was accepted as correct in obtaining judgment. We do not see how plaintiff can be estopped because of what was done in this matter. He had no reason to suppose the amount claimed was incorrect, and was under no obligation to investigate the account.

IV. Certain rulings on the admission of testimony are made the subject of exceptions. Plaintiff was permitted to show that the Western Syrup & Preserve Company was insolvent when judgment was rendered against it. This was on the theory that defendant is not harmed if the judgment in its favor was not for a sufficient amount, if the value of the kits is now awarded to plaintiff. If we were to hold this ground not tenable, still we should have to say the proof of this fact did not prejudice defendant. The trial was to the court, and in our consideration of the case we have allowed no weight to the fact of insolvency. The trial court's finding can be sustained without reference to this evidence. The admission of the amendment to the articles of incorporation could not have prejudiced defendant, for, as we have seen, it cannot question the validity of the mortgage, having accepted under it. The evidence relating to the assignment to plaintiff of accounts for goods sold was admissible to show his right to the account against defendant. Taking the whole petition together, we think this is but an action on account, and not, as claimed by defendant, in replevin or detinue. We find no serious error, and the judgment is AFFIRMED.

GRANGER, C. J., not sitting.