131  501
f135   19

---

CAROLINE HARTWIG, Appellee, v. JOHN L. ILES, *et al.,* Appellants.

**Amendment:** CHANGE OF ISSUES: RETRIAL.  Where an action presenting purely equitable issues has been tried and submitted an amendment changing the nature of the action to one at law for damages should be refused, or if permitted another trial by ordinary proceedings should be ordered.

**Landlord and tenant:** LIEN: CONVERSION.  The creditors of a tenant who obtain simply a lien upon his stock of goods by a bill of sale, and whose claim is paid prior to taking possession thereof, do not become personally liable to the landlord for rent.

Liens: EXTENT OF. A lien upon personal property does not ordi-
3 narily attach to the proceeds arising from its sale or conver-
sion.

*Appeal from Scott District Court.*— HON. JAMES W. BOL-
LINGER, Judge.

WEDNESDAY, SEPTEMBER 26, 1906.

THE opinion states the facts. *Reversed.*

*Issac Petersberger,* for appellants.

*Schmidt & Vollmer,* for appellee.

WEAVER, J.— The plaintiff, owning a store building
in the city of Davenport, leased the same to one George A.
Ellman for one year from November 15, 1902, at the agreed
rental of $33 per month. The lease was in writing and
provided that no extension or alteration thereof should be
of any force unless reduced to writing and signed by the
parties. It also gave to the lessee "the privilege of renting
said premises for the further term of two years" upon writ-
ten notice of such election not later than September 15,
1903. On the date last named, Ellman wrote the plaintiff
expressing his desire or purpose to retain the property for
the additional period of two years, but it does not appear
that plaintiff ever made any response to the notice, and no
new lease or extension of the old lease was ever effected,
save as the same may be implied from the matters above
stated, and from the fact that Ellman remained in posses-
sion and on or about November 15, 1903, paid to the plain-
tiff rent for the month expiring December 15, 1903. On
November 28, 1903, Ellman who had a small stock of
groceries in the rented building gave a bill of sale thereof to
the defendant, John L. Iles, for the security or payment of
certain debts due to several creditors. The making of this
bill of sale appears to have been brought about as follows:

Ellman who was doing a small and apparently unprofitable business negotiated a sale of his stock to one Horblett. He was at this time indebted to Iles in a small amount and the claim together with other similar small demands was in the hands of Petersberger for collection. Learning of the proposed sale to Horblett or of some other circumstance indicating the necessity of prompt action to secure payment of these claims, Iles and Petersberger went to Ellman who executed and delivered the bill of sale to Iles as trustee to secure said claims amounting in all to $258.68. After receiving the bill of sale Iles concluded to and did take possession of the stock for the period of about one day, but did not remove it, when on being paid said sum of $258.68 by Horblett he surrendered the possession of the stock, and the sale from Ellman to Horblett was then consummated. The latter then removed the goods to his own place of business in Rock Island, Ill., and Horblett's check for the sum above mentioned was delivered to Petersberger who proceeded to distribute the fund to the several claimants represented by the trustee. At this stage of the proceedings and before the distribution was entirely completed, this action was begun in equity making Iles and Petersberger alone defendants. The petition sets up the lease to Ellman and alleges an extension thereof for a period of two years, alleges a sale or conversion of the stock of goods by the defendants, claims a lien upon the proceeds of such sale in the hands of the defendants, and asked that they be enjoined from disposing of the property or proceeds of its sale until said claim for rent is satisfied. No personal judgment was demanded against the defendants or either of them. The defendants answered in denial. All rent accrued and to accrue to the plaintiff up to December 15, 1903, had been fully paid before the transaction now in question. A trial was had to the court upon the aforesaid issues developing the facts substantially as above stated.

It also appears that on or about December 5, 1903, Ell-

man surrendered possession of the building to plaintiff, and notified her that he would no longer occupy it. As a witness plaintiff also testified that after the surrender of the building she had been unable to procure a tenant, and that it stood idle and unused for a period of ten months. The trial was concluded and the evidence duly certified on January 14, 1905. On May 22, 1905, plaintiff was allowed to file an amendment to her petition alleging her inability to rent the property after its surrender to her for a period of ten months and demanding personal judgment against Iles for the amount of the rent for said period, $330, and against Peters-berger for the amount yet undistributed of the fund remaining in his hands, $105.02. On the filing of this amendment which in effect converted the proceedings into an action at law for the recovery of damages, defendants denied the amended petition, and demanded that the cause be set down for trial to a jury. The motion was overruled, and on June 28, 1905, a decree under date of January 14, 1905, was entered by which plaintiff was granted a recovery against Iles in the sum of $330 and costs, and Petersberger was ordered to pay the sum remaining in his hands, $105.02, into court to be applied on said judgment. From said decree the defendants bring this appeal.

In our judgment, the decree appealed from cannot be sustained. In the first place under the issues as finally settled, the action was clearly one at law, and defendants were

1. AMENDMENT: change of issues: re-trial.

entitled to the verdict of a jury upon the facts. At the time of the trial to the court the plaintiff's only demand was *in rem* to establish and enforce a landlord's lien not against the goods of Ellman, but against the proceeds of an alleged sale of said goods, and to enjoin the disposition of said proceeds by the defendants until that claim was satisfied. There is nowhere in the petition or first amendment thereto any suggestion of a demand for relief against either of the defendants, except that they be required to retain the possession

of the alleged proceeds of the sale to answer any claim plaintiff might be able to establish thereto. Such claim was properly enough made in equity; but when after all the evidence had been taken and cause submitted upon this issue plaintiff was allowed to amend in such a manner as to entirely change the nature of the demand from one of equitable cognizance to an action at law for damages, we think the demand for trial by ordinary proceedings should have been sustained. It cannot be presumed that on the trial upon the issues as originally joined the defendants offered their testimony or made their case in the same manner or to do the same extent and purpose as they would have done had they known or had reason to believe a claim for personal judgment for damages was to be submitted to the court. Under the circumstances of the case, the court might well have refused to permit such an amendment after a trial had been had and cause duly submitted, but if allowed to stand we are disposed to hold that it should have been on condition that the submission be set aside and a trial had by ordinary proceedings as demanded by the defendants.

But a more vital objection to the decree appealed from is to be found in the merits of the case. In taking a bill of sale or mortgage of the Ellman stock to secure the claim represented by them, Illes and Petersberger

2. LANDLORD AND TENANT; lien; conversion.

committed no wrong against the plaintiff. It is true that if she had a landlord's lien on the goods they could not destroy its priority by taking the bill of sale; and if her claim of a lien was valid and they by enforcing the bill of sale had deprived her of her security they would be liable to her *pro tanto* in damages. But the sale of the goods to Horblett was not made by defendants or either of them. The most that can be said of their connection with that transaction is that having obtained a lien on the goods by the bill of sale as they had the legal right to do, they refused to permit Ellman to complete the sale to Horblett until their claim was satisfied. No title in fact or

in form passed from them to Horblett. They left the goods where they found them in plaintiff's building. In removing them Horblett was not acting in their behalf nor by or under any authority or claim of ·authority derived from defendants, and we find nothing in the record on which they may be properly held liable in damage. Had no bill of sale been made, but defendants, being present when the sale from Ellman to Horblett was consummated, had demanded and received a part of the proceeds in payment of their claims no one would contend that they thereby incurred personal liability to the plaintiff and as we view the facts the legal relations of the parties are not different than they would be under the circumstances suggested.

As to the order requiring· the surrender of the money in the hands of Petersberger it is a well-established proposition that a lien upon personal property does not ordinarily follow or attach to the proceeds of its sale or conversion. *Waters v. Bank,* 65 Iowa, 234; *Nordby v. Clough,* 79 Iowa, 428; *Harlan v. Ash,* 84 Iowa, 42; *Jones v. Stevens* (Miss.) (12 South. 446); *In re Reis* Fed. Cas. No. 11,648.

3. LIENS: extent of.

We do not attempt to pass upon the question whether plaintiff's claim of an extension of the lease to Ellman is sustained by the record. It will be noted that the provision in the contract does not in terms at least, grant the right of an extension of the old lease, but simply that he shall " have the privilege of renting " the premises for the additional period. It would seem to be at least questionable whether the mere announcement of his desire to retain the building without any further negotiation or agreement between the parties would serve to fix his status as a tenant for the next two years, but in view of our conclusion upon other matters raised by the appeal we need not dwell upon the point here suggested.

For the reasons stated the decree appealed from is reversed, and cause remanded for further proceeding in harmony with this opinion. *Reversed.*