BANK OF HINTON, Appellant, v. E. J. SWAN, et al., Defendants, and FIRST NATIONAL BANK OF CHEROKEE, Interveners, Appellees.

Chattel mortgages: ORAL AGREEMENT: GARNISHMENT. A chattel lien may be created by oral agreement, and where the agreement is followed by a change of possession the property is not subject to attachment. Thus where a debtor orally agreed with a creditor and a third person to sell certain property and place the proceeds in the hands of the third party for the benefit of the creditor a lien was created; and when the fund passed to the third party it was in effect delivered to the creditor and was not subject to garnishment, even though a portion of the fund was received by him after service of garnishment.

Same: EXTINGUISHMENT OF LIEN. Chattel mortgage liens are extinguished by a sale of the property by agreement of the parties, and the mortgagee's rights thereafter are to the proceeds according to the agreement.

*Appeal from Plymouth District Court.*—HON. JOHN F. OLIVER, Judge.

TUESDAY, OCTOBER 22, 1912.

,THE opinion states the case.—*Affirmed.*

*E. T. Bedell,* for appellant.

*Herrick & Herrick,* for intervener.

*J. A. Miller,* for appellee, Swan.

WEAVER, J.—The defendant Swan was indebted .to the plaintiff Bank of Hinton as well as to the intervener First National Bank of Cherokee. The indebtedness to the intervener was. secured by mortgage upon a considerable amount of personal property, and, in part, at least by landlord's lien. Prior to the commencement of this action, Swan, held a public sale at which the property subject to the lien was disposed of at auction, and the proceeds thereof were received by one Stanoscheck, who acted as clerk of the sale. Thereupon the plaintiff bank brought an attachment suit upon its claim against Swan, and caused Stanoscheck to be served with notice of garnishment therein. In this action the Cherokee bank intervened, pleading its claims against Swan, and the liens by which they were secured, and alleging that the sale of said property was made under and in pursuance of an oral agreement between itself and Swan, by which the property should be put up and sold at auction for the benefit of the intervener. It further alleges that the said Stanoscheck was agreed upon and selected by the mortgagor and the intervener · as the person who should· act as clerk 'at said sale and should take and receive the proceeds thereof and turn the same over to, the intervener to the extent of its claims against Swan.

In other words, it is claimed for the intervener that Stanos-check's possession of said fund was and is for its benefit, and that the garnishment in plaintiff's favor is subject thereto. The claim is denied by the plaintiff, which insists as a matter of fact and of law that in permitting the sale of the property intervener waived its lien, and that such lien did not follow or attach to the proceeds of the sale in the hands of Stanoscheck. The trial court sustained the claim of the intervener and plaintiff appeals.

I. It may be conceded, as claimed by appellant, that Swan held the sale, and employed the auctioneer. It may also be conceded that the lien of a mortgage does not as a matter of law follow or attach to the proceeds of a sale of the mortgaged property. But these concessions do not necessarily entitle plaintiff to the relief it asks in this

1. CHATTEL MORTGAGES: oral agreement: garnishment.

action. Even if the intervener had no lien of any kind upon the property sold, yet if Swan was indebted to said bank and entered into an agreement with it by which he would make his sale, and have the proceeds thereof delivered to or placed in the hands of the clerk or other designated person to be by said person paid over to the bank, that person would hold such proceeds as bailee or trustee for the bank, and the fund would not be subject to garnishment at the suit of another creditor of Swan. In other words, even though the mortgage lien as such should not follow or attach to such proceeds it was competent for the parties to create a lien thereon by oral contract, and, possession having once passed to the third person for the use or benefit of the bank, it was equivalent to a delivery into the hands of the bank itself. Nor would the result be otherwise if as claimed some of the money or proceeds of the sale came into the hands of the clerk after the garnishment. The garnishing creditor can get no other or higher right to the fund in the garnishee's hands than the debtor himself had. The clerk's possession was such only as he

obtained by virtue of the agreement between Swan and the bank, and he never at any time received or held any of the proceeds of the sale for Swan, unless it should appear that there was an excess returnable to him after paying the claims of the bank—a condition which it is shown did not exist. There was no relation of creditor and debtor between Swan and the clerk who held the proceeds of the sale for the benefit of the intervener. Had Swan demanded them from Stanoscheck, the latter could not have rightfully surrendered them to him. Whether we say the receipt of the funds by Stanoscheck was in law a receipt by the bank, or that the arrangement made created a lien thereon in his hands for the benefit of the bank, the same conclusion must be reached—that the garnishing creditor gains no priority by its garnishment. See *Savings Bank v. Mowery,* 149 Iowa, 114; *Packer v. Crary,* 121 Iowa, 388; *Grumme v. Firminich Co.,* 110 Iowa, 507.

A chattel lien may be created by oral as well as by written contract. *Bates v. Wiggin,* 37 Kan. 44 (14 Pac. 442, 1 Am. St. Rep. 234); *Bank v. Jones,* 4 N. Y. 497 (55 Am. Dec. 290). This is particularly true where the agreement is followed by or accompanied with change of possession. *McTaggart v. Rose,* 14 Ind. 230; *Bardwell v. Roberts,* 66 Barb. (N. Y.) 433. Liens of this character are, of course, invalid as against attaching creditors without notice actual or constructive, but the delivery of possession to the lienholder or to a third person for his use is, under familiar rules, equivalent to notice. Here there was a change of possession. The garnishment itself proceeds upon the theory that the property has been sold, and that the proceeds of the sale have come into the possession of the garnishee. That possession we have seen was delivered to the garnishee for the use and benefit of the intervener, and became affected by that right in the very act of delivery. There was no interval of time in which the proceeds of the sale can be said to have been the property of

Swan free from the intervener's claim. In other words, there was never an instant of time when the plaintiff's attachment of the property or proceeds of the sale acquired or could acquire priority over the claim of the intervener. The cases cited by appellant—*Smith v. Bank,* 99 Iowa, 282, and other precedents of that class—do not control the issue here presented. In none of them was the property or money sought to be attached delivered to a third person designated and agreed upon to receive and apply it to the payment of the mortgage debt. Nor do we consider it a matter of material import that Swan undertook to pay for Stanoscheck's services in the matter. The vital question is, What was the nature of the services he was to perform? And upon this there is no substantial controversy. Counsel misapprehends the record in asserting that there was no contract or agreement between the bank and Stanoscheck. The abstract prepared by the appellant shows otherwise. Stanoscheck himself says that Swan, when soliciting him to act as clerk, said that the bank held liens upon the property, and that its consent would have to be secured. Later he was called into the bank where he was told that the sale could be made, and he could act as clerk on condition that he turn the proceeds into the bank to apply upon the claims secured by its liens. The bank officer, testifying as a witness, also says that he talked with Stanoscheck, who agreed to act as clerk under the arrangement by which the proceeds were to be turned over in payment of said claims.

II. Appellant makes the further point that the mortgages held by the bank were void because they included exempt property, and Swan's wife did not join in their execution. It is quite doubtful whether plaintiff as an attaching creditor is entitled to reap any advantage over another creditor by raising the question of exemption in behalf of a debtor who does not claim it for himself, but, as counsel himself says,

2. SAME: extinguishment of lien.

the validity of the mortgages is no longer a matter of special importance.

The liens, if any, upon the property, were extinguished by the sale, and the intervener's right in the premises is grounded upon the agreement by which the sale was made and the proceeds put into the hands of the clerk for its benefit. That agreement as we have already said was valid as between the parties, and, when the proceeds of the sale were delivered to the clerk in pursuance thereof, it became valid also as against attaching creditors.

Further discussion is unnecessary. Some questions of practice have been argued by counsel, and the sufficiency of the record presented by appellant has been objected to, but, in view of the conclusion we have reached upon the merits, we find it unnecessary to consider them.

For reasons stated, the judgment below is—*Affirmed.*