KRAMER, Appellant, vs. BURLAGE and others, Respondents.

*April 8—May 7, 1940.*

For the appellant there was a brief by *Christenson & Kulig* of Lancaster, and oral argument by *Otto F. Christenson* and *E. T. Kulig.*

*Dwight S. Stephens* of Cuba City, for the respondents.

FAIRCHILD, J.  Appellant claims that the bank waived its lien by permitting the mortgagor to sell the property; that Burlage's promise to the bank was a special promise to answer for the debt of another and void under sec. 241.02, Stats., because not in writing; that if the bank be allowed to keep $1,300 of the proceeds, the plaintiff is entitled to the remainder excepting the $48.25 exemption; and that if the bank and Dressens are both paid in full, there would still be something left over in the hands of the garnishee to which plaintiff would be entitled.

Respondents' position is that the bank's consent to the mortgagor's holding a public sale on condition it get the first proceeds was not a waiver but amounted to an equitable assignment of the proceeds of the sale to the mortgagee; that this right of the mortgagee is superior to the mortgagor's creditors; and that the clerk of the sale was a trustee of the proceeds for the bank.

An agreement between the mortgagor and mortgagee that the chattels mortgaged shall be sold by the mortgagor at an auction at which an agent of the mortgagee is to act as clerk, and that the proceeds shall go first to pay the expenses of the sale and then the mortgage debt, need not be in writing. *Bank of Hinton v. Swan,* 156 Iowa, 715, 137 N. W. 1032; *Hoyt v. Clemans,* 167 Iowa, 330, 149 N. W. 442; *Crook v. First National Bank,* 83 Wis. 31, 52 N. W. 1131; 5 C. J. p. 911, § 78; 2 R. C. L. p. 615, § 21; 10 Am. Jur. p. 844, §§ 193, 194; 14 C. J. S. p. 874, § 262.

And so the bank acted in conformity with rights it acquired under the mortgage.  What took place was of the character

of a pledge of property and was such that the funds derived from the sale were beyond the control of the mortgagor. The evidence shows an appropriation of the subject matter under a perfected transaction between proper parties which had proceeded well beyond the status of a mere promise. It was an executed agreement.

The rule that the mortgagee of chattels who authorizes and permits the mortgagor to sell the mortgaged property in his own name thereby waives his lien, which plaintiff insists is controlling, is a rule to be applied to protect a good-faith purchaser, but does not apply to the mortgagor's creditor who is given notice of the lien by the filed chattel mortgage. Sec. 241.10 (3), Stats. The doctrine of *Southern Wisconsin Acceptance Co. v. Paull,* 192 Wis. 548, 213 N. W. 317, relied upon by the plaintiff, does not apply here. The case at bar is of the class of *Black Hawk State Bank v. Accola,* 194 Wis. 29, 215 N. W. 433; *Carpenter v. Forbes,* 211 Wis. 648, 247 N. W. 857; and *Middleton Lumber & Fuel Co. v. Kosanke,* 216 Wis. 90, 256 N. W. 633, which hold in substance that a mortgagor's sale with the understanding that the proceeds are to be turned over to the mortgagee does not result in the substitution of the mortgagor's personal promise for the mortgage security or in the waiver of the mortgage lien; but, on the contrary, operates as an equitable assignment of the proceeds, and title thereto to the extent of the amount secured by the mortgage is in the mortgagee, and hence such proceeds are not subject to garnishment by the mortgagor's creditors. *Caroline State Bank v. Andrews,* 204 Wis. 393, 235 N. W. 794; *Carpenter v. Forbes, supra.*

This disposes of the question appellant raises as to the necessity of a writing under sec. 241.02, Stats.

The contention that some amount is left after the payment of the secured debts and the elimination of the exemptions was disposed of by the trial court upon sufficient evidence. We find no error.

*By the Court.*—Judgment affirmed.