TYLER PRODUCTION CREDIT ASS'N v. TYLER STATE BANK & TRUST CO. et al.

No. 6087.

Court of Civil Appeals of Texas. Texarkana.

Dec. 30, 1943.

Rehearing Denied Feb. 17, 1944.

Pollard & Lawrence and W. Dewey Lawrence, all of Tyler, for appellant.

Lasseter, Simpson, Spruiell & Lowry, of Tyler, for appellee.

JOHNSON, Chief Justice.

The Peoples National Bank of Tyler, Texas, holding an unsatisfied judgment against Tim Ford for $1575.14, instituted this suit by an action in garnishment against the Tyler State Bank & Trust Company as garnishee. The Tyler State Bank & Trust Company answered the writ of garnishment, stating that it held on deposit in the name of Tim Ford the sum of $1348.03, that said sum was being claimed by the Tyler Production Credit Association, and asked that it be made a party to the suit and that the rightful ownership of said deposit be determined. The Tyler Production Credit Association intervened, asserting that Tim Ford was indebted to it on certain notes, secured by chattel mortgage on certain property, including a crop of rose plants, and alleging, among other things, that the money deposited in the name of Tim Ford with the garnishee, Tyler State Bank & Trust Company, was the proceeds of the sale of certain rose plants included in the mortgage, and that it constituted a trust fund subject to the claims of said Association superior to the claim of the plaintiff in garnishment and all other persons.

Upon a trial before the court, without a jury, judgment was entered in favor of the plaintiff in garnishment, the Peoples National Bank of Tyler, Texas, for the sum held by the garnishee, Tyler State Bank & Trust Company, and in favor of the Credit Association for its debt against Tim Ford in the sum of $4304.91, and foreclosure of its mortgage lien, but denying it any part of the garnished funds. The Credit Association has appealed from the judgment denying it recovery of the funds in the hands of the garnishee.

The question presented for determination on this appeal is whether or not said funds in the hands of said garnishee should be held as constituting a trust fund in favor of appellant superior to the rights of the appellee as plaintiff in garnishment. Generally upon service of the writ, a plaintiff in garnishment is in effect subrogated to the rights of the debtor in the funds garnisheed, but he acquires no superior title and is in no better position to assert a defense to an intervenor's claim than the debtor himself. 20 Tex.Jur. 802, Sec. 76. Therefore, if the facts are such that, as between appellant and Ford, equity would declare the deposit impressed with a trust, such agreement was to invest appellant with the superior equitable right to the proceeds of the sales. Ford was under obligation with appellant to make the sales and to deliver the proceeds to appellant, and he may properly be regarded as acting as the agent of appellant in doing so. There is no just reason why Ford's obligation to apply the proceeds of the sale to the debt should not be enforced against him. Not to do so would operate as a fraud against appellant in violation of the trust, and permit Ford to enrich himself by his own wrong. In such circumstances we think that equity would declare the proceeds of the sale so deposited and held by Ford in his own name impressed with a trust in favor of appellant against Ford and those holding no better rights than Ford. Texas Moline Plow Co. v. Kingman Texas Implement Co., 32 Tex.Civ.App. 343, 80 S.W. 1042; Curtis v. Hart, Tex.Civ.App., 26 S.W.2d 420; Clark & Boice Lbr. Co. v. Commercial Nat'l Bank of Jefferson, Tex.Civ.App., 200 S.W. 197, writ refused; Scurry v. Quaker Oats Co., 201 Iowa 1171, 208 N.W. 860; Thex v. Shreve, 38 Wyo. 285, 267 P. 92. The sale having been made pursuant to the agreement, was with the consent of the mortgagee, whereby the purchaser took the property free of the lien, and against whom the mortgagee can have neither foreclosure nor damages for conversion. Oats v. Dublin Nat'l Bank, 127 Tex. 2, 90 S.W.2d 824. Nor does the mortgage lien attach to the proceeds of the sale. Estes v. McKinney Tex.Civ.App., 43 S.W. 556; 9 Tex.Jur. 131 Sec. 44. But there is nothing in the statutes or decisions of this state to prevent the proceeds from becoming a trust fund, when the sale is made by the mortgagor pursuant to an agreement with the mortgagee on condition that the proceeds be applied on the debt. 9 Tex.Jur. 146 Sec. 57. Scurry v. Quaker Oats Co., supra, is nearer in point of fact than any case that has come to our attention. In that case Ostheimer, the mortgagor, sold mortgaged corn in his own name, under an agreement with the mortgagee that he would deliver the proceeds to the mortgagee to be applied on the debt. Upon such state of facts it was held that the proceeds of the sale was impressed with a trust in favor of the mortgagee, su-

perior to the rights of a plaintiff in garnishment, the court saying [201 Iowa 1171, 208 N.W. 861]:

"The appellee (plaintiff in garnishment), of course, acquired no higher or superior right to the proceeds of the corn by virtue of its garnishment than Ostheimer, its debtor, had. (Citing cases). It is also true that by virtue of the chattel mortgage on the corn the mortgagee acquired no lien upon the proceeds. (Citing cases). But we have recognized the rule that where the mortgagee agrees that the mortgagor can sell the property and the proceeds be paid to the mortgagee, or turned over to, or retained by, some third party for him, or agrees that the property be sold in the name of the mortgagee, a trust will be impressed upon the proceeds in favor of the mortgagee and against one whose claim is no greater than that of the mortgagor." (Citing cases.)

The judgment of the trial court, insofar as it awards to the plaintiff in garnishment the funds held by the garnishee in question, will be reversed and judgment here rendered awarding such funds to the appellant. In all other respects the judgment of the trial court is affirmed.

Reversed and rendered in part and affirmed in part.