## THURM v. WALL.

### No. 1477.

Municipal Court of Appeals for the
District of Columbia.

Argued April 5, 1954.

Decided May 14, 1954.

Alvin E. Bernstein, Washington, D. C.,
for appellant.

Herman Miller, Washington, D. C., for
appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This was originally a suit for unpaid
rent instituted by Jacob Wall against J. W.
Welch. On the date suit was filed Wall
caused a writ of attachment before judg-
ment[1] to be issued, on the ground that
Welch had removed his property with intent
to defraud his creditors. Under the writ
the sum of $210.06 was seized in the hands
of Weschler, a local auctioneer. Welch
filed a motion to quash the writ of attach-
ment contending "that the assets held by
Adam A. Weschler & Son in the name of

---

1. Code 1951, § 16–301.

this defendant are proceeds from the sale of furniture and furnishings, upon which there is a chattel deed of trust in the approximate balance of $590. The holder of the chattel deed of trust, through her agent Everett W. Thurm, authorized this defendant to sell the chattels thereby secured and agreed to accept whatever amount was realized thereby in full settlement of the outstanding balance of the chattel deed of trust, even though the sum realized from such sale was less than $590, which chattels were sold through Adam A. Weschler & Son for the net sales price of approximately $210." The motion to quash the writ was denied, and thereafter Thurm, appellant herein, filed a petition[2] to the answer of Weschler, contending that the funds held by Weschler were not subject to attachment as money belonging to Welch.

At the hearing on his petition Thurm testified in substance to what was set forth by Welch in his motion to quash the writ of attachment. Welch corroborated his statements. He further stated that he did not inform the auctioneer that the sale was for the benefit of anyone other than himself, and "when he picked-up the proceeds he would have immediately paid it over to the claimant herein as agreed upon, and had he been paid by check he would have requested such check to be drawn to the order of the claimant herein." The trial judge found in favor of Wall on Thurm's claim, and this appeal followed.

■■■ Thurm contends that the trial court erred as a matter of law in not finding that Welch was merely a trustee of the funds involved, or, in the alternative, that Welch was his agent in disposing of the furnishings. As the alleged agreement between Thurm and Welch was admittedly oral, and not evidenced by a writing in any manner, Thurm is contending that the rights of the creditor Wall should be defeated by a parol trust agreement. In Chiswell v. Johnston, 55 App.D.C. 3, 299 F. 681, it was held that such verbal trusts are without force or effect to defeat the rights of third parties under our local statute of frauds,[3] and that such agreements must be in writing. Thus the court below was correct in refusing to hold that such a trust was enforceable against Wall.

■■ As to the alternative argument that Welch was Thurm's agent as a matter of law, we rule that such a finding was within the province of the trial judge. Under the Code section, permitting a claimant to intervene, the trial court is instructed to inquire into the claim and to make such orders as may be necessary to protect the claimant's rights. A full hearing was had and as the court ruled against Thurm it evidently felt that the alleged agency relationship did not exist in fact. It was within the trial judge's province to weigh the self-serving testimony of Thurm and Welch against the facts that no written evidence of this alleged agreement existed, or that the auctioneer was never informed that Welch was merely acting as Thurm's agent in this matter.

Affirmed.

HOOD, Associate Judge (dissenting).

The facts in this case are relatively simple. Mrs. Jackson held a promissory note executed by Welch, with an unpaid balance of $590, secured by a duly recorded chattel deed of trust on certain household furniture and furnishings. She turned the note and deed of trust over to Thurm for

2. "Any person may file his petition in the cause, under oath, at any time before the final disposition of the property attached or its proceeds, except where it is real estate, setting forth a claim thereto or an interest in or lien upon the same, acquired before the levy of the attachment; and the court, without other pleading, shall inquire into the claim, and, if either party shall request it, impanel a jury for the purpose, who shall be sworn to try the question involved as an issue between the claimant as plaintiff, and the parties to the suit as defendants, and the court may make all such orders as may be necessary to protect any rights of the petitioner." Code 1951, § 16–318.

3. Code 1951, § 12–303.

collection and when the note was in default authorized him to use his discretion in obtaining a settlement. Thurm authorized Welch to sell the furniture and agreed to accept the proceeds in full payment of the balance of the note, even though, as was anticipated, the proceeds of the sale would not equal the unpaid balance of the note. Welch delivered the goods to Weschler, an auctioneer, with directions to sell. Weschler sold the goods and the net proceeds amounted to $210.06. Before Weschler could make disbursement of the proceeds Wall sued Welch and served a writ of attachment on Weschler. The question is which of two creditors of Welch is entitled to the money in the hands of the auctioneer. One creditor is Mrs. Jackson, the holder of the chattel deed of trust note, and the other is Wall, an attaching creditor.

This question has arisen in numerous cases. There is authority that on the sale of mortgaged chattels by the mortgagor pursuant to an agreement with the mortgagee that the mortgagor shall make the sale and apply the proceeds to the indebtedness secured by the mortgage, that a creditor of the mortgagor who attaches prior to payment of the proceeds to the mortgagee has a superior claim to that of the mortgagee;[1] but there is also authority that under the circumstances of the particular case the right of the mortgagee is superior to that of the creditor of the mortgagor.[2] The authorities cannot be reconciled, but I think that we should hold in the circumstances of this case Mrs. Jackson's right to the proceeds of sale was superior to that of Wall. Wall, an attaching creditor of Welch, had no greater right to the funds than did Welch himself. Mrs. Jackson had a lien on the chattels which lien she waived by consenting that Welch make the sale, but in my view her equities are far greater than those of Wall and I think she was entitled to prevail.

The point is made by Wall that Thurm is not the real party in interest. However, it appears that Mrs. Jackson assigned her claim to Thurm for the purpose of collection and we have held that an assignee of a chose in action, even though an assignee for collection only, may maintain an action in his own name.[3]

---

1. An example of such authority is Moore v. Jacobucci, 70 Colo. 171, 197 P. 1015. See also 10 Am.Jur., Chattel Mortgages, § 194; 14 C.J.S., Chattel Mortgages, § 266.

2. See Martz v. Big Horn Glass. Co., Mo. App., 269 S.W. 697; Kramer v. Burlage, 234 Wis. 538, 291 N.W. 766; Middleton Lumber & Fuel Co. v. Kosanke, 216 Wis. 90, 256 N.W. 633; Thex v. Shreve, 38 Wyo. 285, 267 P. 92; Tyler Production C. Ass'n v. Tyler State Bank & Trust Co., Tex.Civ.App., 178 S.W.2d 886.

3. Compton v. Atwell, D.C.Mun.App., 86 A. 2d 623, affirmed, D.C.Cir., 207 F.2d 139.