**Peter M. QUANDER, as Next Friend of Christopher D. Quander, Appellant,**

v.

**Kristy DOW, Appellee.**

No. 97–FM–1770.

District of Columbia Court of Appeals.

Submitted Dec. 1, 1998.

Decided Dec. 24, 1998.

Michael E. Brand, Kenneth J. Loewinger, Washington, DC, and Barbara A. Rice, Kensington, MD, filed a brief for appellant.

C. Hope Brown, Washington, DC, filed a brief for appellee.

Before SCHWELB and FARRELL, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

The trial court in effect dismissed on the pleadings a claim of ownership by a third person of funds in a bank account which appellee was seeking to attach in execution of a consent judgment. We hold that rejection of the claim was premature, and remand for further proceedings.

I.

Appellee Kristy Dow agreed to waive claims of common law marriage she had previously asserted against Peter M. Quander, in return for $50,000 payable in installments. The agreement was embodied in a Consent Order entered by the Superior Court in January 1997. The Order provided that if Quander failed to pay any installment, the default would constitute a confessed judgment as to the outstanding amount due and attorney's fees. In June 1997, after Quander had failed to pay the May installment, Dow filed an application for Order of Condemnation with the court, asserting that she had served a writ of attachment on a branch of the Chevy Chase Bank and the bank in turn had acknowledged that it was custodian of a savings account amounting to some $56,000 in the name of Peter M. Quander. Approximately one month later, Christopher D. Quander, by and through his father, Peter M. Quander, as next friend, filed an answer to the proposed

condemnation, asserting that the funds in the Chevy Chase Bank account belonged to Christopher D. Quander, were held in trust for him by Peter M. Quander, and were "used exclusively for Christopher's education and education-related expenses."

In September 1997, without acknowledging the claim by Christopher, the trial court ordered the garnishee Chevy Chase Bank to disburse a specific sum from the account to Dow "in full and final satisfaction of the remaining confessed judgment amount in this matter."[1] In denying Christopher's subsequent motion to alter or amend judgment, the court stated that no hearing had been necessary to determine the ownership of the funds,

> since ownership was not at issue. Mr. Quander's utterance of the words that the funds belong to his son without some cognizable legal instrument which effectuates that intent, or his mere desire to use the funds in question for the parties' minor child, does not create a legal or cognizable interest in the same by the minor child.

## II.

 Christopher D. Quander's answer to the request for condemnation was filed pursuant to D.C.Code § 16–551 (1997), which states:

> A garnishee or stranger to the action who may make claim to the property attached may file an answer defending against the attachment. The answer may be considered as raising an issue without any reply, and any issue of fact thereby

made may be tried with a jury if any party so desires.[2]

We hold that the trial court erred in rejecting Christopher's claim on the basis of the answer alone. In effect the court dismissed for failure to state a claim upon which relief could be granted. See Super. Ct. Civ. R. 12(b)(6). Such dismissal is proper, however, "only where it appears beyond doubt that the [party] can prove no set of facts in support of his claim which would entitle him to relief." *McBryde v. Amoco Oil Co.*, 404 A.2d 200, 202 (D.C.1979) (citations and internal quotation marks omitted). That cannot be said here. What sort of trust relationship, if any, surrounded the bank account could not be decided simply on the basis of Christopher's answer.[3] And upon the nature of that trust, if any, may depend whether the funds can be reached by a judgment creditor such as Dow. We express no view on whether, as the trial court opined, only a trust shown by "some cognizable legal instrument" would establish ownership of the funds in Christopher sufficient to defeat Dow's claim.[4] Nor, of course, do we foreclose the availability of summary judgment should Christopher's proof fail to create a triable issue of fact as to ownership. We hold only that the rejection of his claim based upon the answer alone was improper.

*Vacated and remanded for further proceedings.*

---

1. The court had previously ordered the bank to disburse part of the funds to Dow's past and present counsel under the attorney fee provision of the Consent Order.

2. Christopher made no demand for a jury trial. See Super. Ct. Civ. R. 38(b).

3. It has been said, for example:
   > When a person makes a savings deposit in a bank in his own name as trustee for another person, his intention may be either (1) to create a revocable trust (2) to create an irrevocable trust (3) not to create a trust.

   *Simmons v. First Fed. Sav. & Loan Ass'n,* 132 F.Supp. 370, 372 (D.D.C.1955).

4. *Compare, e.g., Cabaniss v. Cabaniss,* 464 A.2d 87, 91, 92 (D.C.1983) ("Unless otherwise provided by statute, such as the Statute of Frauds or Statute of Wills, an enforceable trust can be created without a writing"; held that putative settlor adequately manifested his intent to create verbal trust and complied with the formalities necessary to bring about that result), *with Thurm v. Wall,* 104 A.2d 835, 836 (D.C.1954) (sustaining refusal to hold putative trust enforceable against tenant's creditor in light of precedent holding that "verbal trusts are without force or effect to defeat the rights of third parties under our local statute of frauds, and that such agreements must be in writing" (footnote omitted)).